UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

   v.

ROLANDA E. MILES,

    Defendant.

Case No. CR13-289RSL

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT

This matter comes before the Court on the government's "Motion for Entry of Judgment," Dkt. # 24. On January 17, 2014, the Court sentenced Defendant to three years of probation following her plea of guilty to theft of government funds. Dkt. # 13; Dkt. # 22. As a result of Defendant's conduct, she received $64,663 in overpayments from the Social Security Administration's ("SSA") and $42,141 in overpayments from the Washington Department of Social and Health Services. Dkt. # 9 at 5-6. During the sentencing hearing, Defendant asked the Court to include language in the judgment limiting SSA's withholding of future benefits as part of its internal recoupment program. The Court requested additional briefing from the parties regarding this issue. Having considered the parties' memoranda and supporting documents and the remainder of the record, the Court finds the following:

(1) Federal regulations provide that if a person who has received an overpayment of SSA benefits is entitled to a monthly benefit or lump sum, "no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT - 1

(d) of this section, until an amount equal to the amount of overpayment has been withheld or refunded.  20 C.F.R. § 404.52(a)(1).  Although Section (c) allows the SSA to reduce the amount withheld if it determines that withholding the full amount each month would defeat the purpose of the Social Security Act (the "Statute"), this adjustment is not available if the overpayment was due to the fraud committed by the individual.  Id. § 404.52(c)(1)-(2).[1]

(2) The Statute and its implementing regulations provide a comprehensive system for review of agency actions, including decisions regarding the recoupment of overpaid benefits.  20 C.F.R. §§ 900 - 404.982.  Generally, after the SSA makes an initial determination, an individual dissatisfied with the decision may seek reconsideration.  Id. § 900(a)(2).  If the individual is dissatisfied with the reconsideration decision, the individual may request a hearing before an Administrative Law Judge ("ALJ").  Id. § 900(a)(3).  If the individual is dissatisfied with the ALJ's decision, the individual may seek review of the decision by the Appeals Council.  Id. § 900(a)(4).

(3)  The Statute limits judicial review of agency actions to final decisions of the SSA Commissioner after a hearing.  Califano v. Sanders, 430 U.S. 99, 108 (1977); Udd v. Massanari, 245 F.3d 1096, 1098 (9th Cir. 2001).  A "final decision" results only if the Appeals Council grants review and issues a decision, or if the individual makes a timely request for review that is denied.  20 C.F.R. § 404.981; Heckler v. Day, 467 U.S. 104, 107 (1984).  In this criminal case, there is no indication that Defendant has exhausted her administrative remedies and there is no final decision.  Thus, this Court lacks subject matter jurisdiction under the Statute to provide the type of relief sought by Defendant.  Califano, 430 U.S. at 108.

---

[1] Section (d), which addresses individuals who were overpaid and enrolled under a supplementary insurance plan, is not relevant to the parties' dispute.

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT - 2

1   For all of the foregoing reasons, the government's motion for entry of judgment
2   (Dkt. # 24) is GRANTED.

3

4   DATED this 24th day of February, 2014.

5

6
         *signature*
7   Robert S. Lasnik
    United States District Judge
8

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT - 3